**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4093

AARON CHRISTIAN HAAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-95-89)

Submitted: January 31, 1997

Decided: February 18, 1997

Before WILLIAMS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory W. Franklin, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, S. David Schiller, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Aaron Christian Haas appeals from his convictions and sentence for counterfeiting, possessing counterfeit bills, passing counterfeit bills, and witness tampering. We affirm.

Haas first challenges the sufficiency of the evidence on all convictions. When reviewing for sufficiency of the evidence, we consider whether a reasonable jury could have found Haas guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). Our review of the record reveals ample evidence to support his convictions under this standard, and we therefore affirm. Haas next contends that the district court erred in denying his motion to appoint substitute counsel. Our review reveals no abuse of discretion in the district court's decision to deny this motion.

Finally, Haas challenges the district court's computation of his sentence. Haas contends that he was entitled to rely on his presentence report which, in accordance with U.S. Sentencing Guidelines Manual § 4A1.1(c), comment. (n.3) (1994), scored only four § 4A1.1(c) offenses as one point each, and scored the remaining § 4A1.1(c) offenses as zero points, resulting in a criminal history category of III. Therefore, when the district court concluded that one of the offenses was improperly counted, Haas's criminal history was reduced to category II. Haas was informed by the probation officer prior to sentencing, however, that if he successfully challenged one of the four scored offenses, one remaining unscored offense could be used to again reach a criminal history category of III. Given this advance warning and the court's proper adherence to § 4A1.1, we find that Haas was not entitled to rely on the original score of zero given to two of his offenses and the district court did not err in counting one of his previously unscored offenses to increase his criminal history to category III. Accordingly, we affirm his sentence as well as his convictions.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED